Shannon Renee Johnson #48833-509
℅ Victorville Camp FCI Medium, I
PO Box 5300
Adelanto, CA 92301

FEE DUE

FILED
CLERK, U.S. DISTRICT COURT

OCT 20 2023

CENTRAL DISTRICT OF CALIFORNIA
BY ETC          DEPUTY

In the United States District Court for the District of
Central California   5:23-CV-02165-JLS(RAO)

Shannon Renee Johnson,
    Pro Se, Petitioner,

vs.

Warden Victorville Camp FCI,
Medium I,   Respondent.

Civil Case No. _____

28 U.S.C. §2241 to Apply My 10 days of First Step Act Credits ("FSA") Earned Time Credits ("ETC") Per 18 U.S.C. § 3632(d)(4)(A)(i) Which I Have Not Received; Exhibit A;

28 U.S.C. §2241 to Apply My 10 Days of First Step Act ("FSA") Earned Time Credits ("ETC") Per 18 U.S.C. § 3632(d)(4)(A)(i) to My Sentence Which I Have Not Received (Exhibit A)

   I am proceeding pro se, "a document filed by pro se is to be liberally construed, and pro se complaint, however inartfully pleaded must be held to a less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)(internal quotation marks and citations omitted). In addition, a Court must consider as evidence which is based on personal knowledge ( McElyea v. Babbit, 833 F.2d 196, 197 (9th Cir. 1987) set forth facts admissible under the penalty of perjury are true and correct. See Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998)). The Court must consider as evidence, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, where I attested under the penalty of perjury that the contents of the motion or pleadings are true and correct, see McElyea v. Babbit, 833 F.2d 196, 197(9th Cir. 1987); Johnson v. Meltzer, 134 F.3d 1393, 1399-1400(9th Cir. 1998); Schroeder v. McDonald, 55 F.3d 454, n.10 (9th Cir. 1995) pleadings counts as "verified" if drafter states under penalty of perjury that contents are true and correct. I state the following under the penalty of perjury that contents are true and correct.

I. Relevant Facts

   I was sentenced on September 26, 2022, and have been incarcerated from June 4, 2021, until present. I was sentenced to 84 months and 7 years supervised release. I was told by Unit Team Mr. Kay, Case Manager that I get no FSA ETC as my recidivism is to high. According to 18 U.S.C. § 3632(d)(4)(A)(i) I qualify for 10 days of FSA credits ( Exhibit A) which states.

   "A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i)(Exhibit A).

So I qualify for 10 days of FSA credits since September 26, 2022, as I have been participating in evidence based recidivism reduction and productive activities since I have been both sentenced and incarcerated, and it does not matter if my recidivism is high. So I am owed the following.

   10 days  × 13 months = 130 days (4 months, 10 days)

I am not allowed to get the extra _5 days_ as my recidivism is not at a minimum or low risk which the statute states (Exhibit A) 18 U.S.C. § 3632 (d)(4)(A)(ii).

"A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." (Exhibit A) 18 U.S.C. § 3632 (d)(4)(A)(ii).

I am asking for an order for Respondent to apply my FSA credits as administrative remedies process is not efficacious in this case and further pursuit would be a futile gesture because, as discussed, there is an error in Respondent's understanding that I can earn FSA credits, 10 days for each month, even though my recidivism is not minimum or low. Thus, this Court should excuse my failure to exhaust administrative remedies.

II. Exhaustion of Administrative Remedies Should Be Excused As Respondent Is Misapplying A Statute, Specifically, 18 U.S.C. § 3632 (d)(4)(A)(i) (Exhibit A) As I Can Earn 10 days Per Month So Long I Participate in Evidence-Based Recidivism Reduction Programming or Productive Activities Which I Am (Exhibit B)

In my case and others similarly situated are not receiving FSA credits because Respondent is misapplying the law, as even though I have medium level recidivism it has no bearing on whether I can earn _10_ days for every 30 days of FSA credit. In this case where administrative remedies process is not efficacious in this case and further pursuit would be a futile gesture because there is an error in Respondent's understanding that although I have a medium recidivism level I still can earn _10_ days for every _30_ days of FSA Credits under 18 U.S.C. § 3632 (d)(4)(A)(i) (Exhibit A). ( See Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004)( internal quotation marks and citation omitted) " where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void ." Id. As Case Manager from Unit Team Mr. Kay stated to me I get no FSA credits as my recidivism is to high, which is incorrect application of United States law 18 U.S.C. § 3632 (d)(4)(A)(i) (Exhibit A).

III. This Court Should Order the Application of My FSA Credits As I Am Challenging the Particulars Affecting My Confinement and Its Duration

I am asking for an order that Respondent gives me _10 days_ for each month, beginning on September 26, 2022, of FSA credits, and continuing on for the duration of my confinement, until such time I qualify for the additional 5 days. (See 18 U.S.C. § 3632 (d)(4)(A)(i) and (ii) Exhibit A).

IV. Conclusion

Therefore, I respectfully ask that my Petition be granted.

_____ , October 13, 2023, Adelanto, California

<u>Exhibit A</u>

## § 3632.   Development of risk and needs assessment system

**(a) In general.**   Not later than 210 days after the date of enactment of this subchapter [enacted Dec. 21, 2018], the Attorney General, in consultation with the Independent Review Committee authorized by the First Step Act of 2018, shall develop and release publicly on the Department of Justice website a risk and needs assessment system (referred to in this subchapter [18 USCS §§ 3631 et seq.] as the "System"), which shall be used to—

(1) determine the recidivism risk of each prisoner as part of the intake process, and classify each prisoner as having minimum, low, medium, or high risk for recidivism;

(2) assess and determine, to the extent practicable, the risk of violent or serious misconduct of each prisoner;

(3) determine the type and amount of evidence-based recidivism reduction programming that is appropriate for each prisoner and assign each prisoner to such programming accordingly, and based on the prisoner's specific criminogenic needs, and in accordance with subsection (b);

(4) reassess the recidivism risk of each prisoner periodically, based on factors including indicators of progress, and of regression, that are dynamic and that can reasonably be expected to change while in prison;

(5) reassign the prisoner to appropriate evidence-based recidivism reduction programs or productive activities based on the revised determination to ensure that—

(A) all prisoners at each risk level have a meaningful opportunity to reduce their classification during the period of incarceration;

(B) to address the specific criminogenic needs of the prisoner; and

(C) all prisoners are able to successfully participate in such programs;

(6) determine when to provide incentives and rewards for successful participation in evidence-based recidivism reduction programs or productive activities in accordance with subsection (e);

(7) determine when a prisoner is ready to transfer into prerelease custody or supervised release in accordance with section 3624 [18 USCS § 3624]; and

(8) determine the appropriate use of audio technology for program course materials with

USCS                                                                              1

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

an understanding of dyslexia. In carrying out this subsection, the Attorney General may use existing risk and needs assessment tools, as appropriate.

**(b) Assignment of evidence-based recidivism reduction programs.**  The System shall provide guidance on the type, amount, and intensity of evidence-based recidivism reduction programming and productive activities that shall be assigned for each prisoner, including—

**(1)** programs in which the Bureau of Prisons shall assign the prisoner to participate, according to the prisoner's specific criminogenic needs; and

**(2)** information on the best ways that the Bureau of Prisons can tailor the programs to the specific criminogenic needs of each prisoner so as to most effectively lower each prisoner's risk of recidivism.

**(c) Housing and assignment decisions.**  The System shall provide guidance on program grouping and housing assignment determinations and, after accounting for the safety of each prisoner and other individuals at the prison, provide that prisoners with a similar risk level be grouped together in housing and assignment decisions to the extent practicable.

**(d) Evidence-based recidivism reduction program incentives and productive activities rewards.**  The System shall provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs as follows:

**(1)** Phone and visitation privileges. A prisoner who is successfully participating in an evidence-based recidivism reduction program shall receive—

**(A)** phone privileges, or, if available, video conferencing privileges, for up to 30 minutes per day, and up to 510 minutes per month; and

**(B)** additional time for visitation at the prison, as determined by the warden of the prison.

**(2)** Transfer to institution closer to release residence. A prisoner who is successfully participating in an evidence-based recidivism reduction program shall be considered by the Bureau of Prisons for placement in a facility closer to the prisoner's release residence upon request from the prisoner and subject to—

**(A)** bed availability at the transfer facility;

**(B)** the prisoner's security designation; and

**(C)** the recommendation from the warden of the prison at which the prisoner is

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

incarcerated at the time of making the request.

(3) Additional policies. The Director of the Bureau of Prisons shall develop additional policies to provide appropriate incentives for successful participation and completion of evidence-based recidivism reduction programming. The incentives shall include not less than 2 of the following:

(A) Increased commissary spending limits and product offerings.

(B) Extended opportunities to access the email system.

(C) Consideration of transfer to preferred housing units (including transfer to different prison facilities).

(D) Other incentives solicited from prisoners and determined appropriate by the Director.

(4) Time credits.

(A) In general. A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:

(i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

(ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

(B) Availability. A prisoner may not earn time credits under this paragraph for an evidence-based recidivism reduction program that the prisoner successfully completed—

(i) prior to the date of enactment of this subchapter [enacted Dec. 21, 2018]; or

(ii) during official detention prior to the date that the prisoner's sentence commences under section 3585(a) [18 USCS § 3585(a)].

(C) Application of time credits toward prerelease custody or supervised release. Time credits earned under this paragraph by prisoners who successfully participate in recidivism

USCS                                                    3

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g) [18 USCS § 3624(g)], into prerelease custody or supervised release.

**(D)** Ineligible prisoners. A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law:

**(i)** Section 32 [18 USCS § 32], relating to destruction of aircraft or aircraft facilities.

**(ii)** Section 33 [18 USCS § 33], relating to destruction of motor vehicles or motor vehicle facilities.

**(iii)** Section 36 [18 USCS § 36], relating to drive-by shootings.

**(iv)** Section 81 [18 USCS § 81], relating to arson within special maritime and territorial jurisdiction.

**(v)** Section 111(b) [18 USCS § 111(b)], relating to assaulting, resisting, or impeding certain officers or employees using a deadly or dangerous weapon or inflicting bodily injury.

**(vi)** Paragraph (1), (7), or (8) of section 113(a) [18 USCS § 113(a)], relating to assault with intent to commit murder, assault resulting in substantial bodily injury to a spouse or intimate partner, a dating partner, or an individual who has not attained the age of 16 years, or assault of a spouse, intimate partner, or dating partner by strangling, suffocating, or attempting to strangle or suffocate.

**(vii)** Section 115 [18 USCS § 115], relating to influencing, impeding, or retaliating against a Federal official by injuring a family member, except for a threat made in violation of that section.

**(viii)** Section 116 [18 USCS § 116], relating to female genital mutilation.

**(ix)** Section 117 [18 USCS § 117], relating to domestic assault by a habitual offender.

**(x)** Any section of chapter 10 [18 USCS §§ 175 et seq.], relating to biological weapons.

USCS                                    4

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(xi) Any section of chapter 11B [18 USCS §§ 229 et seq.], relating to chemical weapons.

(xii) Section 351 [18 USCS § 351], relating to Congressional, Cabinet, and Supreme Court assassination, kidnapping, and assault.

(xiii) Section 521 [18 USCS § 521], relating to criminal street gangs.

(xiv) Section 751 [18 USCS § 751], relating to prisoners in custody of an institution or officer.

(xv) Section 793 [18 USCS § 793 ], relating to gathering, transmitting, or losing defense information.

(xvi) Section 794 [18 USCS § 794], relating to gathering or delivering defense information to aid a foreign government.

(xvii) Any section of chapter 39 [18 USCS § 831 et seq.], relating to explosives and other dangerous articles, except for section 836 [18 USCS § 836] (relating to the transportation of fireworks into a State prohibiting sale or use).

(xviii) Section 842(p) [18 USCS § 842(p)], relating to distribution of information relating to explosives, destructive devices, and weapons of mass destruction, but only if the conviction involved a weapon of mass destruction (as defined in section 2332a(c) [18 USCS § 2332a(c)]).

(xix) Subsection (f)(3), (h), or (i) of section 844 [18 USCS § 844], relating to the use of fire or an explosive.

(xx) Section 871 [18 USCS § 871], relating to threats against the President and successors to the Presidency.

(xxi) Section 879 [18 USCS § 879], relating to threats against former Presidents and certain other persons.

(xxii) Section 924(c) [18 USCS § 924(c)], relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime.

(xxiii) Section 1030(a)(1) [18 USCS § 1030(a)(1)], relating to fraud and related activity in connection with computers.

(xxiv) Section 1091 [18 USCS § 1091], relating to genocide.

USCS                                    5

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**(xxv)** Any section of chapter 51 [18 USCS §§ 1111 et seq.], relating to homicide, except for section 1112 [18 USCS § 1112] (relating to manslaughter), 1113 [18 USCS § 1113] (relating to attempt to commit murder or manslaughter, but only if the conviction was for an attempt to commit manslaughter), 1115 [18 USCS § 1115] (relating to misconduct or neglect of ship officers), or 1122 [18 USCS § 1122] (relating to protection against the human immunodeficiency virus).

**(xxvi)** Any section of chapter 55 [18 USCS §§ 1201 et seq.], relating to kidnapping.

**(xxvii)** Any offense under chapter 77 [18 USCS §§ 1581 et seq.], relating to peonage, slavery, and trafficking in persons, except for sections 1593 through 1596 [18 USCS §§ 1593-1596].

**(xxviii)** Section 1751 [18 USCS § 1751], relating to Presidential and Presidential staff assassination, kidnapping, and assault.

**(xxix)** Section 1791 [18 USCS § 1791], relating to providing or possessing contraband in prison.

**(xxx)** Section 1792 [18 USCS § 1792], relating to mutiny and riots.

**(xxxi)** Section 1841(a)(2)(C) [18 USCS § 1841(a)(2)(C)], relating to intentionally killing or attempting to kill an unborn child.

**(xxxii)** Section 1992 [18 USCS § 1992], relating to terrorist attacks and other violence against railroad carriers and against mass transportation systems on land, on water, or through the air.

**(xxxiii)** Section 2113(e) [18 USCS § 2113(e)], relating to bank robbery resulting in death.

**(xxxiv)** Section 2118(c) [18 USCS § 2118(c)], relating to robberies and burglaries involving controlled substances resulting in assault, putting in jeopardy the life of any person by the use of a dangerous weapon or device, or death.

**(xxxv)** Section 2119 [18 USCS § 2119], relating to taking a motor vehicle (commonly referred to as "carjacking").

**(xxxvi)** Any section of chapter 105 [18 USCS §§ 2151 et seq.], relating to sabotage, except for section 2152 [18 USCS § 2152].

USCS                                    6

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**(xxxvii)** Any section of chapter 109A [18 USCS §§ 2241 et seq.], relating to sexual abuse.

**(xxxviii)** Section 2250 [18 USCS § 2250], relating to failure to register as a sex offender.

**(xxxix)** Section 2251 [18 USCS § 2251], relating to the sexual exploitation of children.

**(xl)** Section 2251A [18 USCS § 2251A], relating to the selling or buying of children.

**(xli)** Section 2252 [18 USCS § 2252], relating to certain activities relating to material involving the sexual exploitation of minors.

**(xlii)** Section 2252A [18 USCS § 2252A], relating to certain activities involving material constituting or containing child pornography.

**(xliii)** Section 2260 [18 USCS § 2260], relating to the production of sexually explicit depictions of a minor for importation into the United States.

**(xliv)** Section 2283 [18 USCS § 2283], relating to the transportation of explosive, biological, chemical, or radioactive or nuclear materials.

**(xlv)** Section 2284 [18 USCS § 2284], relating to the transportation of terrorists.

**(xlvi)** Section 2291 [18 USCS § 2291], relating to the destruction of a vessel or maritime facility, but only if the conduct that led to the conviction involved a substantial risk of death or serious bodily injury.

**(xlvii)** Any section of chapter 113B [18 USCS §§ 2331 et seq.], relating to terrorism.

**(xlviii)** Section 2340A [18 USCS § 2340A], relating to torture.

**(xlix)** Section 2381 [18 USCS § 2381], relating to treason.

**(l)** Section 2442 [18 USCS § 2442], relating to the recruitment or use of child soldiers.

**(li)** An offense described in section 3559(c)(2)(F) [18 USCS § 3559(c)(2)(F)], for which the offender was sentenced to a term of imprisonment of more than 1

USCS                                7

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

year, if the offender has a previous conviction, for which the offender served a term of imprisonment of more than 1 year, for a Federal or State offense, by whatever designation and wherever committed, consisting of murder (as described in section 1111), voluntary manslaughter (as described in section 1112 [18 USCS § 1112]), assault with intent to commit murder (as described in section 113(a) [18 USCS § 113(a)]), aggravated sexual abuse and sexual abuse (as described in sections 2241 and 2242 [18 USCS §§ 2241, 2242]), abusive sexual contact (as described in sections 2244(a)(1) and (a)(2) [18 USCS § 2244(a)(1), (2)]), kidnapping (as described in chapter 55 [18 USCS §§ 1201 et seq.]), carjacking (as described in section 2119 [18 USCS § 2119]), arson (as described in section 844(f)(3), (h), or (i) [18 USCS § 844(f)(3), (h), or (i)]), or terrorism (as described in chapter 113B [18 USCS §§ 2331 et seq.]).

      (lii) Section 57(b) of the Atomic Energy Act of 1954 (42 U.S.C. 2077(b)), relating to the engagement or participation in the development or production of special nuclear material.

      (liii) Section 92 of the Atomic Energy Act of 1954 (42 U.S.C. 2122), relating to prohibitions governing atomic weapons.

      (liv) Section 101 of the Atomic Energy Act of 1954 (42 U.S.C. 2131), relating to the atomic energy license requirement.

      (lv) Section 224 or 225 of the Atomic Energy Act of 1954 (42 U.S.C. 2274, 2275), relating to the communication or receipt of restricted data.

      (lvi) Section 236 of the Atomic Energy Act of 1954 (42 U.S.C. 2284), relating to the sabotage of nuclear facilities or fuel.

      (lvii) Section 60123(b) of title 49, relating to damaging or destroying a pipeline facility, but only if the conduct which led to the conviction involved a substantial risk of death or serious bodily injury.

      (lviii) Section 401(a) of the Controlled Substances Act (21 U.S.C. 841), relating to manufacturing or distributing a controlled substance in the case of a conviction for an offense described in subparagraph (A), (B), or (C) of subsection (b)(1) of that section for which death or serious bodily injury resulted from the use of such substance.

      (lix) Section 276(a) of the Immigration and Nationality Act (8 U.S.C. 1326), relating to the reentry of a removed alien, but only if the alien is described in paragraph (1) or (2) of subsection (b) of that section.

      (lx) Section 277 of the Immigration and Nationality Act (8 U.S.C. 1327),

USCS               **8**

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

relating to aiding or assisting certain aliens to enter the United States.

**(lxi)** Section 278 of the Immigration and Nationality Act (8 U.S.C. 1328), relating to the importation of an alien into the United States for an immoral purpose.

**(lxii)** Any section of the Export Administration Act of 1979 (50 U.S.C. 4611 et seq.)[.]

**(lxiii)** Section 206 of the International Emergency Economic Powers Act (50 U.S.C. 1705).

**(lxiv)** Section 601 of the National Security Act of 1947 (50 U.S.C. 3121), relating to the protection of identities of certain United States undercover intelligence officers, agents, informants, and sources.

**(lxv)** Subparagraph (A)(i) or (B)(i) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) or paragraph (1)(A) or (2)(A) of section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, dispense, or knowingly importing or exporting, a mixture or substance containing a detectable amount of heroin if the sentencing court finds that the offender was an organizer, leader, manager, or supervisor of others in the offense, as determined under the guidelines promulgated by the United States Sentencing Commission.

**(lxvi)** Subparagraph (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) or paragraph (1)(F) or (2)(F) of section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof.

**(lxvii)** Subparagraph (A)(viii) or (B)(viii) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) or paragraph (1)(H) or (2)(H) of section 1010(b) the Controlled Substances Import and Export Act (21 U.S.C. 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, or knowingly importing or exporting, a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, if the sentencing court finds that the offender was an organizer, leader, manager, or supervisor of others in the offense, as determined under the guidelines promulgated by the United States Sentencing Commission.

**(lxviii)** Subparagraph (A) or (B) of section 401(b)(1) of the Controlled

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Substances Act (21 U.S.C. 841(b)(1)) or paragraph (1) or (2) of section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a controlled substance, or knowingly importing or exporting a controlled substance, if the sentencing court finds that—

       **(I)** the offense involved a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof; and

       **(II)** the offender was an organizer, leader, manager, or supervisor of others in the offense, as determined under the guidelines promulgated by the United States Sentencing Commission.

    **(E)** Deportable prisoners ineligible to apply time credits.

       **(i)** In general. A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17))).

       **(ii)** Proceedings. The Attorney General, in consultation with the Secretary of Homeland Security, shall ensure that any alien described in section 212 or 237 of the Immigration and Nationality Act (8 U.S.C. 1182, 1227) who seeks to earn time credits are subject to proceedings described in section 238(a) of that Act (8 U.S.C. 1228(a)) at a date as early as practicable during the prisoner's incarceration.

    **(5)** Risk reassessments and level adjustment. A prisoner who successfully participates in evidence-based recidivism reduction programming or productive activities shall receive periodic risk reassessments not less often than annually, and a prisoner determined to be at a medium or high risk of recidivating and who has less than 5 years until his or her projected release date shall receive more frequent risk reassessments. If the reassessment shows that the prisoner's risk of recidivating or specific needs have changed, the Bureau of Prisons shall update the determination of the prisoner's risk of recidivating or information regarding the prisoner's specific needs and reassign the prisoner to appropriate evidence-based recidivism reduction programming or productive activities based on such changes.

    **(6)** Relation to other incentive programs. The incentives described in this subsection shall be in addition to any other rewards or incentives for which a prisoner may be eligible.

  **(e) Penalties.**    The Director of the Bureau of Prisons shall develop guidelines for the

USCS               **10**

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

reduction of rewards and incentives earned under subsection (d) for prisoners who violate prison rules or evidence-based recidivism reduction program or productive activity rules, which shall provide—

(1) general levels of violations and resulting reductions;

(2) that any reduction that includes the loss of time credits shall require written notice to the prisoner, shall be limited to time credits that a prisoner earned as of the date of the prisoner's rule violation, and shall not include any future time credits that the prisoner may earn; and

(3) for a procedure to restore time credits that a prisoner lost as a result of a rule violation, based on the prisoner's individual progress after the date of the rule violation.

(f) **Bureau of Prisons training.**   The Attorney General shall develop and implement training programs for Bureau of Prisons officers and employees responsible for administering the System, which shall include—

(1) initial training to educate officers and employees on how to use the System in an appropriate and consistent manner, as well as the reasons for using the System;

(2) continuing education;

(3) periodic training updates; and

(4) a requirement that such officers and employees demonstrate competence in administering the System, including interrater reliability, on a biannual basis.

(g) **Quality assurance.**   In order to ensure that the Bureau of Prisons is using the System in an appropriate and consistent manner, the Attorney General shall monitor and assess the use of the System, which shall include conducting annual audits of the Bureau of Prisons regarding the use of the System.

(h) **Dyslexia screening.**

(1) Screening. The Attorney General shall incorporate a dyslexia screening program into the System, including by screening for dyslexia during—

(A) the intake process; and

(B) each periodic risk reassessment of a prisoner.

(2) Treatment. The Attorney General shall incorporate programs designed to treat dyslexia into the evidence-based recidivism reduction programs or productive activities required to be

USCS                                          11

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

implemented under this section. The Attorney General may also incorporate programs designed to treat other learning disabilities.

**HISTORY:**

Added Dec. 21, 2018, P. L. 115-391, Title I, § 101(a), 132 Stat. 5196.

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Exhibit B



### Individualized Needs Plan - Initial Classification   (Inmate Copy)

Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: JOHNSON, SHANNON RENEE  48833-509

SEQUENCE: 02274644
Team Date: 08-21-2023

| | |
|---|---|
| Facility: | VIM  VICTORVILLE MED I FCI |
| Name: | JOHNSON, SHANNON RENEE |
| Register No.: | **48833-509** |
| Age: | 45 |
| Date of Birth: | 05-31-1978 |

| | |
|---|---|
| Proj. Rel. Date: | 05-21-2027 |
| Proj. Rel. Mthd: | GOOD CONDUCT TIME |
| DNA Status: | SDC37238 / 03-02-2022 |

### Detainers

| Detaining Agency | Remarks |
|---|---|

*NO DETAINER*

### Current Work Assignments

| Facl | Assignment | Description | Start |
|---|---|---|---|
| VIM | C-A&O | CAMP A&O PROGRAM NO QUOTA | 07-28-2023 |

### Current Education Information

| Facl | Assignment | Description | Start |
|---|---|---|---|
| VIM | ESL HAS | ENGLISH PROFICIENT | 11-15-2022 |
| VIM | GED HAS | COMPLETED GED OR HS DIPLOMA | 08-02-2023 |

### Education Courses

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| VIM SCP | C | RELEASE PREPARATION UNIT C | 08-20-2023 | 08-20-2023 |
| CRW LOW | C | ACE MAIN:CLASSICAL MYTHOLOGY 2 | 06-15-2023 | 07-30-2023 |
| CRW LOW | C | ACE MAIN:PREHISTORIC PREDATORS | 04-06-2023 | 05-18-2023 |
| CRW LOW | C | BEGINNING CROCHET | 05-03-2023 | 06-21-2023 |

### Discipline History (Last 6 months)

| Hearing Date | Prohibited Acts |
|---|---|

*** NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS ***

### Current Care Assignments

| Assignment | Description | Start |
|---|---|---|
| CARE1-MH | CARE1-MENTAL HEALTH | 03-15-2022 |
| CARE2 | STABLE, CHRONIC CARE | 11-18-2022 |

### Current Medical Duty Status Assignments

| Assignment | Description | Start |
|---|---|---|
| C19-T NEG | COVID-19 TEST-RESULTS NEGATIVE | 11-25-2022 |
| REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 02-14-2023 |
| YES F/S | CLEARED FOR FOOD SERVICE | 02-14-2023 |

### Current Drug Assignments

| Assignment | Description | Start |
|---|---|---|
| DAP DIAG | DRUG ABUSE DIAGNOSIS PENDING | 07-31-2023 |
| ED COMP | DRUG EDUCATION COMPLETE | 12-13-2022 |
| NR COMP | NRES DRUG TMT/COMPLETE | 07-08-2022 |

### FRP Payment Plan

| Most Recent Payment Plan |
|---|

| FRP Assignment: | **PART** | **FINANC RESP-PARTICIPATES** | **Start: 07-28-2023** |
|---|---|---|---|

| Inmate Decision: | **AGREED** | **$25.00** | Frequency: | **MONTHLY** |
|---|---|---|---|---|
| Payments past 6 months: | | **$0.00** | Obligation Balance: | **$200.00** |

**Financial Obligations**

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 1 | ASSMT | $200.00 | $200.00 | IMMEDIATE | AGREED |

*** NO ADJUSTMENTS MADE IN LAST 6 MONTHS ***

### FRP Deposits



**Individualized Needs Plan - Initial Classification    (Inmate Copy)**
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: JOHNSON, SHANNON RENEE  48833-509

SEQUENCE: 02274644
Team Date: 08-21-2023

Trust Fund Deposits - Past 6 months:   $ N/A          Payments commensurate ?   N/A

New Payment Plan:   ** No data **

## Current FSA Assignments

| Assignment | Description | Start |
|---|---|---|
| FTC ELIG | FTC-ELIGIBLE - REVIEWED | 11-23-2022 |
| N-ANGER N | NEED - ANGER/HOSTILITY NO | 08-20-2023 |
| N-ANTISO N | NEED - ANTISOCIAL PEERS NO | 08-20-2023 |
| N-COGNTV N | NEED - COGNITIONS NO | 08-20-2023 |
| N-DYSLEX N | NEED - DYSLEXIA NO | 12-14-2022 |
| N-EDUC N | NEED - EDUCATION NO | 08-20-2023 |
| N-FIN PV Y | NEED - FINANCE/POVERTY YES | 08-20-2023 |
| N-FM/PAR Y | NEED - FAMILY/PARENTING YES | 08-20-2023 |
| N-M HLTH N | NEED - MENTAL HEALTH NO | 08-20-2023 |
| N-MEDICL Y | NEED - MEDICAL YES | 08-20-2023 |
| N-RLF N | NEED - REC/LEISURE/FITNESS NO | 08-20-2023 |
| N-SUB AB N | NEED - SUBSTANCE ABUSE NO | 08-20-2023 |
| N-TRAUMA N | NEED - TRAUMA NO | 08-20-2023 |
| N-WORK Y | NEED - WORK YES | 08-20-2023 |
| R-MED Low | MEDIUM RISK RECIDIVISM LEVEL | 08-20-2023 |

## Progress since last review

Arrived to FCI I Victorville-SPC on 7-28-23.

## Next Program Review Goals

Enroll in Womens Basic Financial Literacy. Enroll in a Parenting course.

## Long Term Goals

Complete Financial Literacy by Aug 2024

## RRC/HC Placement

No.
Management decision - will review 17-19 months prior to PRD.

## Comments

You are expected to follow the rules and regulations outlined in the Inmate Handbook. If you don't have one, let the counselor know and he will get you one.  It's important to obtain a work assignment, not only to earn funds to put on your books but also to assist you in paying any fines, assessment, and/or restitution if you are obligated to do so. If you miss your FRP payment you will be placed in FRP refuse which can negatively affect your point status, and Programs to include RRC placement, just to name a few. Do not go into FRP refuse. if you plan on living anywhere outside the District where you were sentenced you will need to submit a Cop Out with the name, address, and phone number of your release residence so that your relocation paperwork can be submitted. If you do require a relocation, you will not be eligible for Home Confinement and halfway house until your relocation is approved. If you have any pending charges, you will have to get those resolved as soon as possible, otherwise you will be ineligible for halfway house. To clear those up you will have to fill out a Form 1381 and send it out to the appropriate agency and wait for a reply.  Once all you pending charges are clear then you will be eligible for half way house. Obtain your driver's license, social security card and birth certificate from home to have maintained in your central file. These documents will be returned to you on your release day. Have them mailed to your Case Manager, Mr. Kay (P.O. BOX 5400, Adelanto, CA 92301). Or, fill out application for a replacement social security card. Maintain clear conduct, personal and cell sanitation, and stay connected to family and friends through phone calls, emails, and/or letters. Once you complete A&O you'll be able to obtain a job to assist you in paying your assessment and/or fine if you are obligated to. Make sure to check the calls out every day. If you miss a callout you will be subjected to receiving an Incident Report

```
CRWDF  540*23 *            SENTENCE MONITORING          *      05-08-2023
PAGE 001       *            COMPUTATION DATA             *      06:40:36
                           AS OF 05-08-2023
```

REGNO..: 48833-509 NAME: JOHNSON, SHANNON RENEE


```
FBI NO..........: 454386ND1        DATE OF BIRTH: 05-31-1978  AGE:  44
ARS1............: CRW/A-DES
UNIT............: UNIT 2            QUARTERS.....: I03-115L
DETAINERS.......: NO               NOTIFICATIONS: NO
```

FSA ELIGIBILITY STATUS IS: INELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 11-21-2026

THE INMATE IS PROJECTED FOR RELEASE: 05-21-2027 VIA GCT REL


---------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

```
COURT OF JURISDICTION...........: CALIFORNIA, SOUTHERN DISTRICT
DOCKET NUMBER...................: 3:21-CR-00463-WQH
JUDGE...........................: HAYES
DATE SENTENCED/PROBATION IMPOSED: 09-26-2022
DATE COMMITTED..................: 11-15-2022
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $200.00        $00.00          $00.00       $00.00
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

-----------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  399     21:963 ATTEMPT & CONSPIRACY
OFF/CHG: 21:952,960,963 CONSPIRACY TO IMPORT METHAMPHETAMINE
         21:952,960 IMPORTATION OF .METHAMPHETAMINE

```
 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   84 MONTHS
 TERM OF SUPERVISION............:    3 YEARS
 DATE OF OFFENSE................: 12-25-2020
```

G0002      MORE PAGES TO FOLLOW . . .

```
   CRWDF  540*23 *           SENTENCE MONITORING        *      05-08-2023
PAGE 002 OF 002 *            COMPUTATION DATA           *      06:40:36
                              AS OF 05-08-2023

REGNO..: 48833-509 NAME: JOHNSON, SHANNON RENEE


-----------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 11-28-2022 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 12-08-2022 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 09-26-2022
TOTAL TERM IN EFFECT............:    84 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     7 YEARS
EARLIEST DATE OF OFFENSE........: 12-25-2020

JAIL CREDIT.....................:    FROM DATE     THRU DATE
                                     12-25-2020    12-25-2020
                                     06-04-2021    09-25-2022

TOTAL PRIOR CREDIT TIME.........: 480
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 378
TOTAL GCT EARNED................: 54
STATUTORY RELEASE DATE PROJECTED: 05-21-2027
ELDERLY OFFENDER TWO THIRDS DATE: 02-01-2026
EXPIRATION FULL TERM DATE.......: 06-02-2028
TIME SERVED.....................:     1 YEARS     11 MONTHS       6 DAYS
PERCENTAGE OF FULL TERM SERVED..: 27.5
PERCENT OF STATUTORY TERM SERVED: 32.3

PROJECTED SATISFACTION DATE.....: 05-21-2027
PROJECTED SATISFACTION METHOD...: GCT REL




S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```



Shannon Renee Johnson # 488 33 - 509
c/o Victorville Camp FCI Medium , I
PO Box 5300
Adelanto, CA 92301

Legal
Mail

RECEIVED
CLERK, U.S. DISTRICT COURT

OCT 2 0 2023

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Attn: Clerk
Edward R. Roybal Federal Building and Courthouse
255 East Temple Street Room 150
Los Angeles, CA - 90012

CSO ROYBAL
X-RAYED